IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Karen Marie Hansen,                              )       No. CV 09-1290-PHX-GMS (ECV)
                                                 )
                    Plaintiff,                   )       **ORDER**
                                                 )
vs.                                              )
                                                 )
                                                 )
Charles Ryan, et al.,                            )
                                                 )
                    Defendants.                  )
                                                 )
                                                 )
_____        )

Plaintiff Karen Marie Hansen, who is confined in the Arizona State Prison Complex-Perryville (ASPC-Perryville) in Goodyear, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. In an August 26, 2009 Order, the Court dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On September 28, 2009, Plaintiff filed a First Amended Complaint (Doc. #10).

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon

1  which relief may be granted, or that seek monetary relief from a defendant who is

2  immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

3       A pleading must contain a "short and plain statement of the claim *showing* that the

4  pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does

5  not demand detailed factual allegations, "it demands more than an unadorned, the-

6  defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949

7  (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

8  conclusory statements, do not suffice." Id.

9       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

10  claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly,

11  550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

12  that allows the court to draw the reasonable inference that the defendant is liable for the

13  misconduct alleged." Id.  "Determining whether a complaint states a plausible claim for

14  relief [is] . . . a context-specific task that requires the reviewing court to draw on its

15  judicial experience and common sense." Id. at 1950.  Thus, although a plaintiff's specific

16  factual allegations may be consistent with a constitutional claim, a court must assess

17  whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

18  **II.     First Amended Complaint**

19       In her four-count First Amended Complaint, Plaintiff sues the following

20  Defendants, all of whom are employed at ASPC-Perryville: Sergeant Mitchell;

21  Corrections Officer IIs Rahman, Mims, and Thorton; Correctional Officer IIIs Ira Jones

22  Garcia; and Correctional Officer IV Michael Backes.  In each Count, Plaintiff alleges

23  violations of her Fifth Amendment due process rights.

24       In Counts One and Two, Plaintiff alleges that legal mail addressed to her had been

25  returned to sender without Plaintiff's authorization and without reason or rationale.

26  Plaintiff asserts that Defendant Jones conducted an investigation and determined that

27  Defendants Rahman, Mims, and Mitchell had returned more than ten pieces of "court and

28  attorney mailings."  Plaintiff alleges that Defendants Rahman, Mims, and Mitchell's

1   conduct was "expressly orchestrated by Defendant . . . Backes, who subsequently was

2   named a primary defendant in [Hansen v. Schriro, 07-CV-2105-PHX-GMS (ECV)]."

3   Plaintiff alleges that the return of her mail was done in retaliation for Plaintiff filing 07-

4   CV-2105 (Count One) and interfered with her access to the courts (Count Two).   She

5   alleges that some of the mail she did not receive related to rulings by the Arizona Court of

6   Appeals and that the unauthorized return of her mail caused her financial detriment and

7   the loss of the prospect to petition for habeas corpus relief.

8           In Counts Three and Four, Plaintiff alleges that she received an Order to Show

9   Cause (OSC) in 07-CV-2105 and she timely delivered a Response to the OSC to

10  Defendant Thorton.  Plaintiff claims that Defendants Rahman, Mitchell, Mims, and

11  Thornton opened and read the contents of the Response and then intentionally held onto

12  the Response so that her case would be dismissed.  The Court ultimately entered

13  Judgment in 07-CV-2105 because Plaintiff had failed to comply with the OSC.[1]

14          Plaintiff also asserts that she spoke with Defendant Garcia, who refused to provide

15  Plaintiff with assistance to contact the Court "for confirmation of the mail-box rule."

16  Plaintiff contends that she attempted to formally grieve the delay in transmitting her

17  Response to the Court, but Defendants Garcia, Jones, and Backes refused to accept her

18  informal grievances.

19          Plaintiff alleges that Defendants acted in retaliation for Plaintiff filing 07-CV-2105

20  (Count Three) and interfered with her access to the courts (Count Four).

21          In her Request for Relief, Plaintiff seeks monetary damages.

22  . . . .

23  . . . .

24  _____

25          [1]The Court notes that the OSC in 07-CV-2105 (Doc. #70 in 07-CV-2105) addressed
    the applicability of the Rooker-Feldman doctrine, and that Plaintiff's Response (Doc. #72 in
26  07-CV-2105), which was received by the Court prior to the entry of Judgment but was not
    docketed by the Clerk of Court until after Judgment was entered, addresses, among other
27  things, the applicability of the Rooker-Feldman doctrine.  However, at this stage of the
    current case, it is not appropriate determine whether judgment would nevertheless have been
28  entered had the Court considered the merits of Plaintiff's Response.

1    **III.    Failure to State a Claim**

2         Although *pro se* pleadings are liberally construed, <u>Haines v. Kerner</u>, 404 U.S. 519,

3    520-21 (1972), conclusory and vague allegations will not support a cause of action.  <u>Ivey</u>

4    <u>v. Board of Regents of the University of Alaska</u>, 673 F.2d 266, 268 (9th Cir. 1982).

5    Further, a liberal interpretation of a civil rights complaint may not supply essential

6    elements of the claim that were not initially pled.  <u>Id</u>.

7         To state a valid claim under § 1983, plaintiffs must allege that they suffered a

8    specific injury as a result of specific conduct of a defendant and show an affirmative link

9    between the injury and the conduct of that defendant.  <u>See</u> <u>Rizzo v. Goode</u>, 423 U.S. 362,

10   371-72, 377 (1976).

11        **A.    Counts One and Two**

12        In Counts One and Two, Plaintiff alleges that Defendant Jones conducted an

13   investigation and discovered that other Defendants were returning Plaintiff's mail.  This

14   does not state a retaliation or access-to-the-courts claim against Defendant Jones.  In

15   addition, Plaintiff's claim that Defendants Rahman, Mims, and Mitchell's conduct was

16   "expressly orchestrated" by Defendant Backes is too vague and conclusory to state a

17   claim against Defendant Backes.  Therefore, the Court will dismiss Plaintiff's claims

18   against Defendants Jones and Backes in Counts One and Two.

19        **B.    Count Four**

20        Plaintiff has failed to state an access-to-the-courts claim against Defendant Garcia

21   regarding his failure to assist Plaintiff in contacting the Court.  Plaintiff has failed to

22   adequately explain why she was unable to contact the Court on her own by filing a

23   motion or notice regarding the mail-box rule.

24        Plaintiff has also failed to state an access-to-the-courts claim regarding Defendants

25   Garcia, Jones, and Backes's  refusal to accept her grievances. "The right to petition the

26   government for redress of grievances . . . does not guarantee a favorable response, or

27   indeed any response, from state officials.  Moreover, the First Amendment's right to

28   redress of grievances is satisfied by the availability of a judicial remedy."  <u>Baltoski v.</u>

1 | Pretorius, 291 F. Supp. 2d 807, 811 (N.D. Ind. 2003).  See also Ashann-Ra v. Virginia.

2 | 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) (failure to comply with state's grievance

3 | procedure is not actionable under § 1983 and does not compromise an inmate's right of

4 | access to the courts).  Plaintiff was able to access the courts regarding Defendants' delay

5 | in transmitting her Response to the Court; she has filed this lawsuit.  Therefore, the Court

6 | will dismiss Defendants Garcia, Jones, and Backes from Count Four.

**IV.    Claims for Which an Answer Will be Required**

8 | Liberally construed, Plaintiff has stated retaliation claims against Defendants

9 | Rahman, Mims, and Mitchell in Count One, and against Defendants Rahman, Mitchell,

10 | Mims, Thornton, Garcia, Jones, and Backes in Count Three.  Liberally construed,

11 | Plaintiff has also stated access-to-the-courts claims against Defendants Rahman, Mims,

12 | and Mitchell in Count Two, and against Defendants Rahman, Mitchell, Mims, and

13 | Thorton in Count Four.

**V.    Warnings**

**A.    Release**

16 | Plaintiff must pay the unpaid balance of the filing fee within 120 days of her

17 | release.  Also, within 30 days of her release, she must either (1) notify the Court that she

18 | intends to pay the balance or (2) show good cause, in writing, why she cannot.  Failure to

19 | comply may result in dismissal of this action.

**B.    Address Changes**

21 | Plaintiff must file and serve a notice of a change of address in accordance with

22 | Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion

23 | for other relief with a notice of change of address.  Failure to comply may result in

24 | dismissal of this action.

**C.    Copies**

26 | Plaintiff must serve Defendants, or counsel if an appearance has been entered, a

27 | copy of every document that she files. Fed. R. Civ. P. 5(a).  Each filing must include a

28 | certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d).  Also,

1  Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv

2  5.4.  Failure to comply may result in the filing being stricken without further notice to

3  Plaintiff.

4        **D.      Possible Dismissal**

5        If Plaintiff fails to timely comply with every provision of this Order, including

6  these warnings, the Court may dismiss this action without further notice.  See Ferdik v.

7  Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action

8  for failure to comply with any order of the Court).

9  **IT IS ORDERED:**

10       (1)     Defendants Jones and Backes are **dismissed** without prejudice from Counts

11  One and Two.

12       (2)     Defendants Garcia, Jones, and Backes are **dismissed** without prejudice

13  from Count Four.

14       (3)     The following Defendants must **answer** the following Counts:

15               a.      Count One - Defendants Rahman, Mims, and Mitchell;

16               b.      Count Two - Defendants Rahman, Mims, and Mitchell;

17               c.      Count Three -  Defendants Rahman, Mitchell, Mims,

18                       Thornton, Garcia, Jones, and Backes; and

19               d.      Count Four - Rahman, Mitchell, Mims, and Thorton.

20       (4)     The Clerk of Court must send Plaintiff a service packet including the First

21  Amended Complaint (Doc. #10), this Order, and both summons and request for waiver

22  forms for Defendants Jones, Mitchell, Rahman, Mims, and Thorton, Garcia, and Backes.

23       (5)     Plaintiff must complete and return the service packet to the Clerk of Court

24  within 20 days of the date of filing of this Order.  The United States Marshal will not

25  provide service of process if Plaintiff fails to comply with this Order.

26       (6)     If Plaintiff does not either obtain a waiver of service of the summons or

27  complete service of the Summons and First Amended Complaint on a Defendant within

28  120 days of the filing of the Complaint or within 60 days of the filing of this Order,

1  whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R.

2  Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

3      (7)    The United States Marshal must retain the Summons, a copy of the First

4  Amended Complaint, and a copy of this Order for future use.

5      (8)    The United States Marshal must notify Defendants of the commencement of

6  this action and request waiver of service of the summons pursuant to Rule 4(d) of the

7  Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this

8  Order.  The Marshal must immediately file requests for waivers that were returned as

9  undeliverable and waivers of service of the summons.  If a waiver of service of summons

10  is not returned by a Defendant within 30 days from the date the request for waiver was

11  sent by the Marshal, the Marshal must:

12      (a)    personally serve copies of the Summons, First Amended Complaint,

13      and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of

14      Civil Procedure; and

15      (b)    within 10 days after personal service is effected, file the return of

16      service for Defendant, along with evidence of the attempt to secure a waiver of

17      service of the summons and of the costs subsequently incurred in effecting service

18      upon  Defendant.  The costs of service must be enumerated on the return of service

19      form (USM-285) and must include the costs incurred by the Marshal for

20      photocopying additional copies of the Summons, First Amended Complaint, or this

21      Order and for preparing new process receipt and return forms (USM-285), if

22      required. Costs of service will be taxed against the personally served Defendant

23      pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise

24      ordered by the Court.

25      (9)    **A Defendant who agrees to waive service of the Summons and First**

26  **Amended Complaint must return the signed waiver forms to the United States**

27  **Marshal, not the Plaintiff.**

28

1       (10)   Defendants must answer the First Amended Complaint or otherwise

2  respond by appropriate motion within the time provided by the applicable provisions of

3  Rule 12(a) of the Federal Rules of Civil Procedure.

4       (11)   Any answer or response must state the specific Defendant by name on

5  whose behalf it is filed.  The Court may strike any answer, response, or other motion or

6  paper that does not identify the specific Defendant by name on whose behalf it is filed.

7       (12)   This matter is referred to Magistrate Judge Edward C. Voss pursuant to

8  Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as

9  authorized under 28 U.S.C. § 636(b)(1).

10      DATED this 3rd day of November, 2009.

11

12

13                        G. Murray Snow
                     United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28