| | |
|---|---|
| **WO** | JDN |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Karen Marie Hansen, ) No. CV 09-1290-PHX-GMS (ECV)
)
       Plaintiff, ) **ORDER**
)
vs. )
)
Charles Ryan, et al., )
)
       Defendants. )
)

Plaintiff Karen Marie Hansen brought this civil rights action under 42 U.S.C. § 1983 against various Arizona Department of Corrections (ADC) employees (Doc. 10).[1] Before the Court is Defendants' Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v) for failure to comply with a Court Order (Doc. 52).

The Court will deny Defendants' motion.

**I.  Background**

Plaintiff's claims arose during her confinement at the Arizona State Prison Complex-Perryville, in Goodyear, Arizona (Doc. 10 at 1). In her First Amended Complaint, Plaintiff set forth two counts of retaliation and two counts of denial of access to the courts (id.). She alleged that Defendants returned to sender multiple pieces of legal mail and refused to mail

---

[1] Defendants are Sergeant Mitchell and Correctional Officers Rahman, Mims, Thornton, Garcia, Jones, and Backes (Doc. 10).

a legal document to the federal court (id. at 3-5). Plaintiff claimed that Defendants' actions resulted in court rulings against her (id. at 4-5).

In February 2010, the Court issued a Scheduling and Discovery Order (Doc. 22). Pursuant to that Order, Defendants noticed Plaintiff's deposition to be taken on October 6, 2010 (Doc. 39). Plaintiff sought a protective order to prevent the deposition on the basis that the deposition notice was untimely and Defendants had failed to make initial disclosures required under the Federal Rules of Civil Procedure (Doc. 40). The Court denied her motion and ordered her to participate in the deposition and answer questions (Doc. 47). The Defendants therefore noticed Plaintiff's deposition for January 5, 2011 (Doc. 48).

During the deposition, Plaintiff invoked the Fifth Amendment and refused to answer a question about a state civil case filed against her, Titus Group, Inc. d/b/a Arizona Earthmovers v. Kennedy, CV 2003-0617, No. 1 CA-CV 07-0560 (Doc. 52 at 3).[2] When defense counsel told Plaintiff that she was required to answer the question, Plaintiff responded that an attorney, whom she refused to name, advised her not to answer such questions (id.). Defendants' counsel attempted to telephone the Magistrate Judge and the District Judge, to no avail (id.). After Plaintiff stated that she would not answer any questions about the state court case or about the instant action, defense counsel canceled the deposition (id. at 3-4).

## II. Defendants' Motion to Dismiss

### A. Defendants' Contentions

Defendants move to dismiss Plaintiff's First Amended Complaint on the ground that she failed to comply with the Court's Order directing her to participate in the deposition and to answer questions (Doc. 52). They submit that under Rule 37(b)(2)(A)(v), dismissal is an appropriate sanction because (1) Plaintiff had previously filed an unsuccessful motion for a protective order to prevent the deposition, (2) she failed to file a motion for protective order

---

[2] Plaintiff does not dispute Defendants' recitation of the events at the deposition, which is supported by an attached copy of the deposition transcript (see Doc. 62; Doc. 52, Ex. A, Pl. Dep. 10:1-13:4, Jan. 5, 2011).

1  regarding the reason she refused to answer questions at the January 5, 2011 deposition, (3) she refused to answer questions about this suit or two other suits underlying her current claims, and (4) she refused to identify the counsel who advised her not to answer questions about the civil suits so that defense counsel could seek clarification from that attorney (id.).

Defendants conclude that without the ability to question Plaintiff in a deposition, they are effectively prohibited from defending this suit (id. at 4-5). In addition to dismissal, they seek expenses and attorneys' fees caused by Plaintiff's failure to participate in discovery (id. at 5).

### B. Plaintiff's Response

Plaintiff opposes Defendants' motion (Doc. 62). She explains that her criminal conviction is under post-conviction review, and that she is unable to answer deposition questions without implicating her Fifth Amendment rights (id. at 1, 9). According to Plaintiff, the Arizona Earthmovers civil action is directly related to, and an extension of, her criminal case (id. at 9). She submits that deposition questions regarding that civil action could relate to matters for which Plaintiff has not been, but could be, further prosecuted (id.).

Plaintiff presents case law supporting that the right against self-incrimination applies to civil matters and that the privilege survives during a direct appeal and pending post-conviction relief (id. at 3-4). She also argues that the privilege against self-incrimination further applies to testimony, such as that in a deposition, that may furnish a link to evidence that could assist in prosecuting the individual testifying, and that mere attendance and response to questions could constitute waiver of the privilege (id. at 5-6).

Plaintiff contends that Defendants have an effective alternative to deposition testimony; namely, requests for admissions (id. at 6-7). Plaintiff also suggests that she could be offered complete immunity from criminal prosecution (id. at 7). Plaintiff states that she has been unable to contact the chief Deputy County Attorney with regard to these alternatives, but believes immunity may be acceptable for her deposition testimony (id. at 7-8).

### C. Defendants' Reply

In reply, Defendants note that Plaintiff's direct appeal of her 2003 criminal conviction was resolved three years ago (Doc. 63 at 1, citing to May 30, 2008 Mandate affirming Pl.'s conviction). Thus, they argue that Plaintiff cannot establish that she is immunized from providing her deposition testimony in this case (id.). Defendants renew their request for dismissal and add requests for dismissal with prejudice and attorneys' fees under 42 U.S.C. § 1988 based on Plaintiff's frivolous position in opposition to their motion (id. at 2).

### III. Federal Rules of Civil Procedure

Under Federal Rule of Civil Procedure 37, a district court has discretion to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules. U.S. EEOC v. ABM Indus. Inc., 2009 WL 1287757, at *2 (E.D. Cal. 2009) (citations omitted). When an adverse party fails to cooperate in discovery, the party seeking discovery may move to compel disclosure or discovery. Fed. R. Civ. P. 37(a)(1). The party seeking discovery may move to compel a deponent to answer an appropriate question in an oral deposition and request sanctions for a refusal to answer. Fed. R. Civ. P. 37(a)(3)(B)(I) and 37(a)(5)(A). Specifically, a party may file a motion to compel a discovery response if a deponent fails to answer questions under Rules 30 and 31—the rules governing depositions. Fed. R. Civ. P. 37(a)(3)(B)(I).

Federal Rule of Civil Procedure 30 governs a person's behavior during a deposition. Generally, objections to a question during a deposition are noted on the record, "but the examination still proceeds; the testimony is taken subject to any objection." Fed. R. Civ. P. 30(c)(2). The only authorized exceptions for a deponent to not answer a question, or for a lawyer to instruct a deponent not to answer a question, are "when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Id. Federal Rule of Civil Procedure 26(b)(1) specifically provides that a civil litigant may not conduct discovery of a matter that is privileged.

The Fifth Amendment privilege against self-incrimination applies to evidence that may directly support a criminal conviction, information that would furnish a link in the chain

of evidence that could lead to prosecution, and evidence that a witness reasonably believes could be used against her in a criminal prosecution. Maness v. Meyers, 419 U.S. 449, 461 (1975) (citation omitted). The privilege may be invoked in the course of any proceeding, criminal or civil. Kastigar v. United States, 406 U.S. 441, 444 (1972); Campbell v. Gerrans, 592 F.2d 1054, 1057 (9th Cir. 1979). Its availability does not depend on the type of proceeding; rather, it turns on the nature of the statement and the exposure it invites. Estelle v. Smith, 451 U.S. 454, 462 (1981).

Here, Defendants did not file a motion to compel under Rule 37(a) in response to Plaintiff's failure to answer deposition questions. Instead, they move under Rule 37(b) for dismissal based on Plaintiff's failure to comply with a prior Order that denied Plaintiff's protective order and directed her to participate in a deposition (Doc. 47). But that Order did not address Plaintiff's asserted Fifth Amendment privilege against self-incrimination, which, as noted, is an authorized exception to answering questions. Fed. R. Civ. P. 30(d)(3). Plaintiff asserts that the privilege applies because the civil cases that Defendants seek to question her about are directly related to her criminal case, which she states is pending Rule 32 post-conviction review (Doc. 62). See State v. Hansen, Yavapai County Superior Court, CR 20030191 (Rule 32 Post-Conviction Relief Extension of Time entered March 10, 2011). Defendants do not address and, thus, do not controvert Plaintiff's argument that the privilege survives during post-conviction review proceedings (see Doc. 63, ref. only to Pl.'s direct appeal).

Further, contrary to Defendants' contention, Plaintiff's failure to raise her Fifth Amendment privilege claim in a motion for protective order does not warrant dismissal. Indeed, the Court cannot determine whether a deponent's responsive answer to a question might be incriminating except in the context of a propounded question. See Hoffman v. United States, 341 U.S. 479, 486-87 (1951); Roach v. Nat'l Transp. Safety Bd., 804 F.2d 1147, 1151 (10th Cir. 1986) (to property assert the Fifth Amendment privilege, a witness must normally "be sworn to testify, and assert the privilege in response to each allegedly incriminating question as it is asked").

In light of the above, the Court finds that Defendants' Motion to Dismiss is premature and, at this stage, dismissal would be too harsh because the Court has not yet ruled on whether the asserted privilege applies. See Campbell, 592 F.2d at 1057 ("[i]mposing the harshest of the Rule 37 sanctions on a proper exercise of Fifth Amendment rights is not in accord with Supreme Court decisions"). Defendants will therefore be granted leave of the Court to take Plaintiff's deposition within the time set forth below. In setting the date and time of the deposition, Defendants must coordinate with the chambers of Magistrate Judge Voss to ensure that he is available to resolve any issues that arise during the deposition.

Plaintiff is cautioned that the privilege against self-incrimination does not entitle her to refuse, in a blanket manner, to answer all of Defendants' questions. See Lyons v. Johnson, 415 F.2d 540, 542 (9th Cir. 1969) (holding Rule 37 sanctions proper where civil plaintiff "block[ed] all discovery attempts against him by asserting a Fifth Amendment privilege to any interrogation whatsoever upon his claim"). Even in the face of a party's properly asserted Fifth Amendment right, a court still has the power to dismiss an action if necessary to prevent unfairness or prejudice to the other party. See id.; Wehling v. Columbia Broad. Sys., 608 F.2d 1084, 1087 n. 6 & 1088 (5th Cir. 1979) ("a civil plaintiff has no absolute right to both his silence and his lawsuit").

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as to Defendants' Motion to Dismiss (Doc. 52).

(2) Defendants' Motion to Dismiss (Doc. 52) is **denied**.

(3) Leave of the Court is granted to Defendants to take Plaintiff's deposition within 45 days from the date of this Order.

///

///

///

///

///

(4) In scheduling Plaintiff's deposition, Defendants must coordinate with the chambers of Magistrate Judge Voss to ensure that Judge Voss is available to address any issues that may arise.

DATED this 17th day of August, 2011.

*A. Murray Snow*
G. Murray Snow
United States District Judge