**WO**                                                                                                          JDN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karen Marie Hansen, | No. CV 09-1290-PHX-GMS (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Charles Ryan, et al., | |
| Defendants. | |

Plaintiff Karen Marie Hansen brought this civil rights action under 42 U.S.C. § 1983 against various Arizona Department of Corrections (ADC) employees (Doc. 10).[1] On August 17, 2011, the Court entered an Order denying Defendants' Motion to Dismiss, which was based on Plaintiff's failure to comply with a Court Order (Doc. 66, denying Mot. at Doc. 52). Before the Court is Defendants' Motion for Reconsideration of that Order (Doc. 67). Defendant also moves to strike Plaintiff's response to the Motion for Reconsideration (Doc. 71).

The Court will deny the Motion to Strike as moot and deny the Motion for Reconsideration.

---

[1]Defendants are Sergeant Mitchell and Correctional Officers Rahman, Mims, Thornton, Garcia, Jones, and Backes (Doc. 10).

**I.     Background**[2]

Plaintiff's claims arose during her confinement at the Arizona State Prison Complex-Perryville, in Goodyear, Arizona (Doc. 10).  In her First Amended Complaint, Plaintiff set forth two counts of retaliation and two counts of denial of access to the courts (id.).

Defendants noticed Plaintiff's deposition (Doc. 39), but she sought a protective order to prevent the deposition on the basis that the deposition notice was untimely and Defendants had failed to make initial disclosures (Doc. 40).  The Court denied her motion and ordered her to participate in the deposition and answer questions (Doc. 47). During Plaintiff's deposition on January 5, 2011, Plaintiff invoked the Fifth Amendment and refused to answer a question about a state civil case filed against her (Doc. 52 at 3).  After unsuccessful attempts to telephone the Magistrate Judge and the District Judge, defense counsel canceled the deposition (id. at 3-4).

Thereafter, Defendants moved for dismissal pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v) on the ground that Plaintiff failed to follow a Court Order directing her to participate in the deposition (Doc. 52).  The Court denied Defendants' motion as premature and extended the time for Defendants to depose Plaintiff (Doc. 66).

Defendants now move for reconsideration of that Order on the basis that the Court made a manifest error of law in denying Defendants' Motion to Dismiss (Doc. 67 at 3). Plaintiff has filed a response in opposition (Doc. 69), which Defendants move to strike (Doc. 71).

**II.     Motion for Reconsideration**

    **A.     Legal Standard**

Motions for reconsideration should be granted only in rare circumstances. Defenders of Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D. Ariz. 1995).  A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust,

---

[2]A more thorough factual background and review of Defendants' Motion to Dismiss arguments are set forth in the Court's prior Order (Doc. 66 at 1-3).

or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Mere disagreement with a previous order is an insufficient basis for reconsideration. See Leong v. Hilton Hotels Corp., 689 F. Supp. 1572, 1573 (D. Haw. 1988). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc., 215 F.R.D. 581, 586 (D. Ariz. 2003).

### B. Defendants' Arguments

Defendants maintain that reconsideration is necessary to avoid a manifest error of law (Doc. 67 at 3). Their argument rests on the assertion that Plaintiff was not candid with the Court when she cited to only a portion of State v. Rosas-Hernandez, 42 P.3d 1177, 1182 (Ariz. App. 2002), in support of her claim that she was entitled to the privilege against self-incrimination in light of her pending Rule 32 Petition (Doc. 67 at 3-4). Defendants contend that Plaintiff cited to a passage in Rosas-Hernandez that left the impression that the privilege extended to any pending post-conviction relief proceeding (id. at 3). Defendants assert that "[t]o the contrary, the Rosas-Hernandez court continued its decision (after the portion cited by [Plaintiff]) by clarifying that the privilege against self-incrimination survives only during the period when a defendant can or is pursuing his initial petition for post-conviction relief" (id. at 3). Thus, Defendants claim that Plaintiff purposely misrepresented the scope of the appellate court's holding (id. at 1, 4). They acknowledge that Plaintiff is pursuing a second Rule 32 Petition; however, they argue that this subsequent post-conviction proceeding is of no significance because Plaintiff's right against self-incrimination expired when her initial petition for post-conviction relief was denied (id. at 4).

For this reason, Defendants request that the Court reconsider its decision not to dismiss or, in the alternative, rule that Plaintiff may not refuse to answer any questions at her deposition based on an asserted Fifth Amendment privilege (id. at 5).

### C. Analysis

Under Local Rule of Civil Procedure 7.2(g)(2), no response to a motion for reconsideration is permitted unless ordered by the Court. Here, the Court did not direct Plaintiff to file a response, and no response is necessary for resolution of the motion. Plaintiff's response will not be considered, and Defendants' Motion to Strike the response will be denied as moot.

Defendants' Motion for Reconsideration will also be denied. As stated, a motion for reconsideration cannot be used to raise arguments that could have been raised earlier. See Kona Enters., Inc., 229 F.3d at 890. The Order denying Defendants' Motion to Dismiss specifically noted that in their reply, Defendants failed to address and, thus, failed to controvert Plaintiff's argument that the privilege against self-incrimination survives during post-conviction review proceedings (Doc. 66 at 5, citing Doc. 63). In their Motion for Reconsideration, Defendants now present argument that the privilege does not survive in subsequent Rule 32 proceedings (Doc. 67 at 4-5). Raising this argument that could have been raised earlier is not proper in a motion for reconsideration.

Even if the Court considers Defendants' argument, it fails. Defendants' claim—that the holding in Rosas-Hernandez limits the right against self-incrimination to only the initial Rule 32 proceeding—is incorrect (see Doc. 67 at 3). In Rosas-Hernandez, the state appellate court held that a co-defendant, who was called to testify but who indicated that he intended to file a Rule 32 Petition, could invoke his Fifth Amendment privilege "during the time period in which a timely initial petition for post-conviction relief may be filed." 42 P.3d at 1182. Defendants rely on that sentence to argue that the privilege survives during only the initial petition proceeding (Doc. 67 at 4). But the succeeding sentences explain:

> We need not, and do not, address whether the prospect of subsequent petitions for post-conviction relief provides for Fifth Amendment protection in the face of competing Sixth Amendment concerns. That is an issue for another day.

Id. Defendants fail to cite this portion of the decision. Nor do they cite any other case law that later addressed and actually ruled on whether subsequent petitions for post-conviction relief provide for Fifth Amendment protection. Consequently, there is no showing that the

denial of Defendants' Motion to Dismiss was based on a manifest error of law.

Finally, as mentioned in the prior Order, it would be improper for the Court to issue a blanket prohibition on Plaintiff's assertion of the Fifth Amendment privilege before the deposition. See Kastigar v. United States, 406 U.S. 441, 444 (1972) (the privilege may be invoked in the course of any criminal or civil proceeding). The Court cannot rule on whether Plaintiff's answer to a question might be incriminating except in the context of a propounded question. See Estelle v. Smith, 451 U.S. 454, 462 (1981) (availability of the privilege turns on nature of the statement and the exposure it invites); Hoffman v. United States, 341 U.S. 479, 486-87 (1951); Roach v. Nat'l Transp. Safety Bd., 804 F.2d 1147, 1151 (10th Cir. 1986).

Accordingly, Defendants' Motion for Reconsideration will be denied.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendants' Motion for Reconsideration (Doc. 67) and Motion to Strike (Doc. 71).

(2) Defendants' Motion to Strike (Doc. 71) is **denied** as moot.

(3) Defendants' Motion for Reconsideration (Doc. 67) is **denied**.

DATED this 3rd day of October, 2011.

*/s/ A. Murray Snow*
G. Murray Snow
United States District Judge